

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-5-2006

# Parker v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"Parker v. USA" (2006). *2006 Decisions.* Paper 483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5281
_____

NATHANIEL PARKER, SR.,
Appellant

v.

UNITED STATES OF AMERICA; ATTORNEY GENERAL OF THE UNITED
STATES; KATHLEEN HAWK, Director of the Fed. Bureau of Prisons; JOHN NASH,
Warden of FCI-Schuylkill; D. L. STINE, Associate Warden; DENEEN P. SWEET,
Associate Warden; A. MATEVOUSIAN, Captain of FCI-Schuylkill; JANE OR JOHN
DOE, BOP Health Service Medical Director; CHARLESTON IWUAGWU, Health
Services Clinical Director Administrator of FCI-Schuylkill; SANDRA VARGAS,
Assistant Health Services Adminst.; CEDRIC M. ROBINSON, IOP/ID Coordinator;
DAVID M. STEFFAN, Physician Assistant; MAYRSE WAMBACH, Physician
Assistant; BRIGIDA ZABALA, Physician Assistant; ISMAIL M. RAHIMI, Physician
Assistant; JANE AND JOHN DOES, Physician Assistant; JOHN DOES, Prison Guards
of FCI-Schuylkill; AMY KINDER, 4-A Unit Manager; COUNSELOR-BOP D. SHIRES,
4-A Unit Counselor, All in their individual and official capacities
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-0550)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 15, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed: September 5, 2006)

_____

OPINION OF THE COURT
_____

PER CURIAM

Nathaniel Parker appeals from two orders of United States District Court for the

Middle District of Pennsylvania granting summary judgment in favor of the defendants in

this pro se civil rights action. For the reasons that follow, we will summarily affirm.

I.

While incarcerated at FCI Schuylkill, Parker filed an action pursuant to Bivens v.

Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),

complaining about the use of over-tight handcuffs, the denial of adequate medical

treatment for sickle cell anemia, and retaliation – via assignment to an upper bunk in a

dorm with prisoners who smoked – for complaining about the allegedly inadequate

medical care. He named as defendants numerous Bureau of Prisons ("BOP") officials

and employees.[1] Parker sought injunctive relief and compensatory and punitive damages.

_____

[1] Parker also named as defendants the United States of America, former Attorney
General John Ashcroft, Kathleen Hawk, the Director of the BOP, John Nash, the Warden
at FCI Schuylkill, and several John Doe prison employees. For essentially the reasons
provided by the District Court, we agree that these defendants were properly dismissed.
The United States is protected from suit by sovereign immunity, and there is no explicit
waiver in this case. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Despite ample
opportunity to do so, the John Doe defendants were never identified and served with the
complaint. Parker has not offered any reason why he could not have identified and
properly served these defendants, who are physician assistants and prison guards at FCI
Schuylkill. With respect to Attorney General Ashcroft, BOP Director Hawk, and Warden
Nash, there is no evidence that any of them played a role in the incidents underlying

2

The defendants filed a motion for summary judgment. By order entered February 23, 2005, the District Court granted the motion as to all defendants with the exception of A. Matevousian, the prison employee who allegedly handcuffed Parker too tightly. In particular, the District Court concluded that prison medical records "belied" Parker's contention that the defendants were deliberately indifferent to a serious medical need. Summary judgment was likewise held to be warranted with respect to Parker's retaliation claims insofar as there was no evidence that his bed and housing assignment were changed because of his medical complaints. The District Court also construed Parker's complaint as raising an excessive force claim against Matevousian.[2] Because the defendants had not read Parker's complaint as raising such a claim, the District Court provided them additional time to file dispositive motions. Parker filed a motion for reconsideration of the District Court's order. See Fed. R. Civ. P. 59(e). The defendants moved for summary judgment, alleging that Parker had not administratively exhausted his excessive force claim. On October 13, 2005, the District Court denied the motion for reconsideration and granted Matevousian's motion for summary judgment. Parker timely

Parker's complaint. Because liability under Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971), may not based on the doctrine of respondeat superior, these defendants were properly dismissed.

[2] Although Parker's complaint alluded to an excessive force claim, he did not specifically refer to such a claim until opposing the defendants' motion for summary judgment.

3

appealed.[3]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion for summary judgment. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in the light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

## III.

Parker claimed that on September 11, 2002, defendant Matevousian, who was escorting Parker to the Special Housing Unit ("SHU"), handcuffed him too tightly, cutting his right wrist and causing bleeding. Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). In Spruill, we held that the PLRA required "proper" exhaustion, meaning that the inmate must follow the procedural requirements of the

---

[3] Although Parker's notice of appeal states that he is appealing only the order of October 13, 2005, this Court also has jurisdiction to review the District Court's February 23, 2005 order granting summary judgment as to all but one defendant. See Williams v. Guzzardi, 875 F.2d 46 (3d Cir. 1989)

4

prison grievance system. <u>Spruill</u>, 372 F.3d at 228, 231. If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted. The BOP has established an administrative remedy procedure, set forth at 28 C.F.R. §§ 542 et seq. A review of the record indicates that Parker has made no attempt to avail himself of this administrative process with respect to the alleged wrist injury caused by tight handcuffs. Thus, his excessive force claim was properly dismissed for failure to exhaust available administrative remedies.

IV.

Parker also claimed that prison employees inadequately treated him for a pain episode related to sickle cell anemia, which began on September 22, 2002, while he was confined in the SHU. The Eighth Amendment requires prison officials to provide basic medical treatment to inmates. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976). In order to show a violation of the Eighth Amendment, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. <u>Id.</u> at 104. Because we can assume for purposes of our analysis that Parker's sickle cell anemia presented an objectively serious medical condition, we focus upon whether the conduct of the prison employees amounted to deliberate indifference. We have found deliberate indifference where a prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; 2) delays necessary medical treatment for non-medical reasons; or 3) prevents a prisoner from receiving needed or recommended treatment. <u>See</u> <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999). Non-physician defendants generally

5

are not deliberately indifferent where they do not respond to the medical complaints of a prisoner who is being treated by a prison doctor. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

As thoroughly discussed in the District Court's opinion, affidavits submitted by the defendants show that Parker received treatment for his ailment. In response to Parker's initial complaints of discomfort, a physician's assistant examined him and directed him to increase his fluids and to take ibuprofen, folic acid, and multivitamins. The next day, Parker was examined by another physician's assistant who prescribed Vistaril, an anti-anxiety medication that may also increase the effects of pain medications. Although Parker alleged that his repeated requests for medical assistance were ignored while he was in the SHU, he did admit that he was seen by physician's assistants and was provided with various medications. Furthermore, Parker continued to receive treatment from a doctor following his release from the SHU. Although Parker may have preferred a different course of treatment, his preference does not establish a cause of action. See Inmates of Allegheny Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment") (citations omitted); see also White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (doctor's choice of one drug over another is not actionable). Because Parker pointed to no evidence supporting the contention that prison employees knew of and disregarded an excessive risk to his health, see Farmer v. Brennan, 511 U.S. 825, 837 (1994) (defining deliberate

6

indifference), the District Court properly granted the defendants' motion for summary judgment on this claim.

V.

Finally, Parker claimed that upon being transferred from the SHU to the general prison population on October 3, 2002, he was assigned to an upper bunk in an area where prisoners smoked in retaliation for complaining about inadequate medical care. We conclude that this claim falters under the test we reiterated in Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001). Parker failed to allege any causal connection between his medical treatment complaints and determinations regarding his housing conditions. The record shows that Parker, who was limited to the least preferred housing status, was assigned to a non-smoking area upon his return to the general population; he received an upper bunk because it was the only one available. See id. 241 F.3d at 334 (holding that even if "a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest"). In support of his retaliation claim, Parker submitted BOP forms authorizing a lower bunk assignment. Notably, however, those forms pertain to periods after Parker was released from the SHU. The District Court thus properly granted summary judgment on Parker's retaliation claim.

VI.

For the foregoing reasons, we conclude the appeal presents no substantial question.

7

Accordingly, we will summarily affirm.  <u>See</u> I.O.P. 10.6.